IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

TIDIANE KONE,

        Plaintiff,

v.

SERGEANT ELMORE,

        Defendant.

Case No. 3:24-cv-00230-SLG

## ORDER RE PENDING MOTIONS

On June 11, 2025, self-represented prisoner Tidiane Kone filed a motion for summary judgment and motion for default judgment.[1] On June 24, Defendant filed a motion to strike Plaintiff's motion for default judgment and a motion for an extension of time to respond to Plaintiff's motion for summary judgment.[2] For the reasons explained in this order, all four pending motions are **DENIED.**

### I. Motion for Default Judgment

On May 21, 2025, Plaintiff filed a "Declaration for Entry of Default" at Docket 16. Liberally construing the declaration as a motion for default, the Court denied the motion in its Order Directing Service and Response ("ODSR") issued on June 3, 2025.[3] Then, on June 11, 2025, the Court docketed Plaintiff's motion for default

---

[1] Dockets 20-21.

[2] Dockets 24-25.

[3] Docket 19 at 2.

judgment, which was signed by Plaintiff on June 5, 2025.[4] In his motion at Docket 22, Plaintiff claims that "default was entered in the civil docket in the office of this clerk on May 21, 2025."[5] However, the May 21, 2025 filing was Plaintiff's declaration; it was not an entry of default by the Clerk of Court.[6] As explained in the ODSR, the entry of default was not appropriate at that time.[7]

Plaintiff's motion for a default judgment may have been mailed before he received his copy of the ODSR. But in any event, neither the entry of default nor a default judgment is warranted at this time. Pursuant to the ODSR, Defendant's answer or other responsive pleading is not due until August 4, 2025. Therefore, Plaintiff's motion at **Docket 21 is DENIED.**

Defendant's motion to strike the motion for default judgment at **Docket 24 is DENIED.** Motions to strike are disfavored and are appropriate when a litigant seeks to strike a pleading, not a motion.[8]

## II. Plaintiff's Motion for Summary Judgment

Summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure, which permits a party to move for summary judgment "at any time until

---

[4] Docket 21 at 2.

[5] Docket 21 at 1 (cleaned up).

[6] See Fed. R. Civ. P. 55.

[7] Docket 19 at 2.

[8] See Fed. R. Civ. P. 12(f); see also Fed R. Civ. P. 7(a)(1)-(7) (defining "pleadings" as a complaint, a third party complaint, or an answer; and a counterclaim, a cross claim, or a reply to an answer); Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885-86 (9th Cir. 1983) (holding that the district court erred in granting the defendants' motion to strike the plaintiff's motion to reconsider because "only pleadings are subject to motions to strike").

Case No. 3:24-cv-00230-SLG, *Kone v. Elmore*
Order re Pending Motions
Page 2 of 4
Case 3:24-cv-00230-SLG    Document 29    Filed 07/28/25    Page 2 of 4

30 days after the close of all discovery."[9] However, federal courts routinely deny such motions as premature if the opposing party has not had a fair opportunity to conduct discovery.[10]

In this case, Defendant's response to the complaint is due August 4, 2025**,** and discovery has not commenced. The purpose of discovery is to allow both parties to obtain evidence that may be relevant to the claims and defenses in the case.

Given the current procedural posture of this case, Plaintiff's motion for summary judgment is premature. Therefore, the motion at **Docket 20 is DENIED without prejudice**. Plaintiff may file a renewed motion for summary judgment but only after Defendant has filed a response to the Complaint and the parties have had an opportunity to engage in discovery. Further, if Plaintiff seeks summary judgment later in the case, he must comply with the procedural requirements of Rule 56 of the Federal Rules of Civil Procedure.

Because Plaintiff's motion for summary judgment is being denied, Defendant's motion for an extension of time to respond to that motion at **Docket 25 is DENIED as moot**.

Defendant's response to the Complaint remains due on **August 4, 2025.**

---

[9] Fed. R. Civ. P. 56(b).

[10] *Metabolife Int'l, Inc. v. Wornick,* 264 F.3d 832, 846 (9th Cir. 2001) ("Summary judgment is generally disfavored where relevant evidence remains to be discovered, particularly in cases involving motive or intent.").

Case No. 3:24-cv-00230-SLG, *Kone v. Elmore*
Order re Pending Motions
Page 3 of 4
Case 3:24-cv-00230-SLG     Document 29     Filed 07/28/25     Page 3 of 4

After Defendant files his response, the Court will issue a scheduling order establishing a timeline for further proceedings in this case.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's motion for entry of default judgment at **Docket 21 is DENIED.**

2. Plaintiff's motion for summary judgment at **Docket 20 is DENIED without prejudice.**

3. Defendant's motion to strike at **Docket 24 is DENIED.**

4. Defendant's motion at **Docket 25 is DENIED as moot.**

5. Defendant must file an answer or otherwise respond to the Complaint by **August 4, 2025.**

DATED this 28th day of July 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

Case No. 3:24-cv-00230-SLG, *Kone v. Elmore*
Order re Pending Motions
Page 4 of 4
Case 3:24-cv-00230-SLG    Document 29    Filed 07/28/25    Page 4 of 4